## JOHN H. COLVIN

*v.*

## THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa April 3, 1897.*

1. CERTIFICATE OF PUBLICATION—*jurat to certificate of publication need not recite language of oath.* The *jurat* attached by a notary to a certificate of publication need not recite the language of the oath or affirmation administered.

2. BILLS OF EXCEPTION—*bill of exceptions should show ground of objections made at trial.* An objection that a newspaper containing the delinquent tax list was not filed as required by section 186 of the Revenue act (Rev. Stat. 1874, p. 111,) will be deemed waived on appeal, where the bill of exceptions shows only a general objection to its admission at trial.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

WILLIAM J. DONLIN, and GILBERT G. OGDEN, for appellant.

JOHN D. ADAIR, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This is an appeal from a judgment of sale entered in the county court of Cook county against certain land of appellant for a delinquent special assessment levied by the city of Chicago for the purpose of opening Prairie avenue. Two objections are made to the validity of the judgment:

*First*—That the publisher's certificate of publication of the delinquent list required by section 186 of the Revenue act is insufficient. The *jurat* to the certificate is as follows: "Subscribed and affirmed to before me this 26th day of June, A. D. 1896.—Edward H. Guise, notary public." The contention is, that the affirmation must be in the words of the statute, "You do solemnly, sincerely and truly declare and affirm," while the *jurat* does not

show that it was in these words. That is true; but it is not necessary that the *jurat* should so show. The notary is no more required to write out in his certificate the form of the affirmation than he is required, when the matter is sworn to, to write out the form of the oath administered. The statute (Rev. Stat. 1874, sec. 4, chap. 101,) merely declares that the words above quoted shall be the form of the affirmation. So when the notary certifies that the matter was "affirmed to" before him, the implication is he administered the affirmation in the form prescribed by the statute. No other presumption can be indulged. There is therefore nothing in this objection.

*Second*—That the copy of the delinquent list to which the publisher's certificate was attached was not filed as required by section 186 of the Revenue act. Said section provides that a copy of the newspaper containing the list of delinquent lands and lots, with the printer's or publisher's, etc., certificate attached, shall be presented by the collector to the county court at the time judgment is prayed, and shall be filed as a part of the records of said court. It appears from the bill of exceptions that when this paper was offered in evidence it was not objected to on the ground it bore no file-mark, but a general objection merely was interposed. This amounted to a waiver of the irregularity here complained of. If attention had been challenged thereto on the hearing the matter could readily have been remedied by having the clerk put his file-mark on the paper. It is now too late to raise this question.

There is no error in the record, and the judgment of the county court of Cook county will be affirmed.

*Judgment affirmed.*